IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stacy W. Howard,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Angela Christian, Georgetown County, Carter Weaver, Georgetown Sheriff's Department, Michael Thacker, and Hank Carrison,<br><br>　　　　　Defendants. | Case No. 2:25-cv-794-RMG<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Plaintiff's claims arising under 42 U.S.C. § 1983 be summarily dismissed with prejudice and without leave to amend and his claims arising under the South Carolina Tort Claims Act be remanded to the Georgetown Court of Common Pleas. Plaintiff filed no objections to the R & R.[1]

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C.

---

[1] Plaintiff was advised of his duty to notify the Clerk of any change of address. The R & R was mailed by the Clerk to the Defendant's last known residence and the Georgetown County Detention Center. The mail was returned as undeliverable. (Dkt. No. 12).

§ 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

Plaintiff, a pretrial detainee, asserted claims arising under § 1983 for false arrest, false imprisonment, and malicious prosecution relating to murder charges against him that were subsequently dismissed. The Magistrate Judge recommended the dismissal of Defendants Georgetown County and the Georgetown County Sheriff's Office because these governmental entities are not "persons" under § 1983. (Dkt. No. 10 at 5). The Magistrate Judge recommended the claims against Defendants Christian, Weaver, and Tacker be dismissed because Plaintiff made no personal allegations of wrongdoing against them and made no allegations of supervisory liability. (*Id*. at 5-7). The Magistrate Judge further recommended the dismissal of all § 1983 claims (First, Second, Third and Fourth Causes of Action), which arise under the Fourth Amendment, because all of the claims asserted by Plaintiff require the absence of probable cause. Since the Defendant was indicted by a state grand jury on the later dismissed criminal charges, this "conclusively determines the existence of probable cause." (*Id.* at 7-9, citing *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012)). After recommending the dismissal of all federal claims, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction on the

South Carolina Tort Claims Act claims and remand the state tort claim causes of action to Georgetown County Court of Common Pleas. (*Id*. at 9).

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that the § 1983 claims should be summarily dismissed without leave to amend and the remaining state tort claims remanded to the Georgetown Court of Common Pleas. The Court adopts the R & R as the order of the Court (Dkt. No. 10), dismisses the § 1983 claims with prejudice, and remands the state tort claims to the Georgetown County Court of Common Pleas.

**AND IT IS SO ORDERED.**

_s/ Richard M. Gergel_
Richard Mark Gergel
United States District Judge

March 7, 2025
Charleston, South Carolina